Consol. Case No. 22-5069, 22-7030, 22-7031
September Term, 2021

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

JAMES BLASSINGAME AND SIDNEY HEMBY

*Appellees,*

v.

DONALD J. TRUMP

*Appellant.*

## AGREED MOTION TO STAY MANDATE
## PENDING FILING OF PETITION FOR WRIT OF CERTIORARI

The parties to this consolidated appeal agree to stay the issuance of the mandate in this matter during an abbreviated period for President Trump to file any petition for a writ of certiorari with the Supreme Court of the United States, specifically, until February 15, 2023, and continuing pending the resolution of any such petition. *See* D.C. Cir. Rule 41.

Good cause exists to grant this motion. This is an extraordinary question of law—concerning a question of absolute presidential

immunity from civil liability for the actions of a former president during his term in office—that must be resolved before this case, and several other cases revolving around the same question of law, can be resolved. Indeed, other filings have indicated the importance of this issue. *See* Exhibit 1, Mot. United States Expedite Briefing on the Pet. for a Writ of Cert. before J. and for Expedited Merits Briefing if the Ct. Grants the Pet. at 1-2, *United States v. Donald J. Trump*, Case No. 23-624, *cert. denied* (December 22, 2023) ("This case involves issues of exceptional national importance."); *see also* Exhibit 2, Order, *United States v. Donald J. Trump,* No. 23-3228 (appeal docketed Dec. 8, 2023) (ordering expedited briefing schedule on similar issues).

As the parties agree to the stay, there will be no prejudice. Additionally, Supreme Court precedence requires the final resolution of an immunity question before further litigation commences. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of

2

litigation, including 'avoidance of disruptive discovery.'" (citation omitted).

Further, in a related matter, the district court has already recognized that any claim of prejudice is "substantially diminished" because of "the extensive public record that already has been compiled about the President's actions before and on January 6th." *Smith, et al. v. Trump, et al.*, No. 1:21-cv-02265, Doc. No. 180 at 2 (D.D.C. Jan. 26, 2023). And because "most relevant records are likely covered by the Presidential Records Act and therefore no longer in the former President's possession." *Id*. Therefore, good cause exists to stay the mandate pending the outcome of President Trump's petition for writ of certiorari.

Dated: January 8, 2024                 Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall
Molly McCann
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com
　　　　molly@binnall.com

3

                                            David A. Warrington
                                            Jonathan M. Shaw
                                            DHILLON LAW GROUP, INC.
                                            2121 Eisenhower Avenue
                                            Suite 608
                                            Alexandria, Virginia 22314
                                            (415) 433-1700
                                            dwarrington@dhillonlaw.com
                                            jshaw@dhillonlaw.com

                                            *Attorneys for President Donald J. Trump*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 387 words, calculated using Microsoft Word's word-count function. This motion also complies with the typeface and type- style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Century 14-point font, a proportionally spaced typeface.

Dated: January 8, 2024

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that on January 8, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/Jesse R. Binnall
Jesse R. Binnall

*Attorney for President Donald J. Trump*

# EXHIBIT 1

IN THE SUPREME COURT OF THE UNITED STATES

_____

No. 23-

UNITED STATES OF AMERICA, PETITIONER

v.

DONALD J. TRUMP

_____

ON PETITION FOR A WRIT OF CERTIORARI BEFORE JUDGMENT
TO THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

MOTION OF THE UNITED STATES TO EXPEDITE BRIEFING ON THE PETITION
FOR A WRIT OF CERTIORARI BEFORE JUDGMENT AND FOR EXPEDITED
MERITS BRIEFING IF THE COURT GRANTS THE PETITION

_____

The Special Counsel, on behalf of the United States, respectfully moves, pursuant to Supreme Court Rule 21, for expedited consideration of the petition for a writ of certiorari before judgment, filed today, in this case.* The Special Counsel further moves for expedited merits briefing if the Court grants the petition. This case involves issues of exceptional national

---

* Pursuant to 28 U.S.C. 518(a), and in accordance with 28 C.F.R. 600.4(a), 28 C.F.R. 600.7(a), and Department of Justice Order No. 5559-2022 (Nov. 18, 2022), the Special Counsel has been authorized to conduct litigation before this Court on behalf of the United States in this matter.

importance. Respondent's criminal trial is now scheduled to begin on March 4, 2024, but it cannot proceed while respondent's appeal is pending. As explained in the government's petition for a writ of certiorari before judgment, expedited proceedings in this Court are warranted to resolve respondent's claims of immunity and allow the charges in the indictment to be fairly and speedily tried if the Court rejects respondent's claims of immunity. This motion seeks to expedite the Court's consideration of the petition and any ensuing review on the merits.

STATEMENT

Respondent, a former President of the United States, was charged in a four-count indictment alleging that he engaged in systematic and deliberate efforts to overturn the results of the 2020 presidential election and prevent the lawful transfer of power to his successor. See Pet. 3-4. Recognizing the public's "right to a prompt and efficient resolution of this matter," D. Ct. Doc. No. 38, at 53 (Aug. 28, 2023), the district court scheduled the trial to begin on March 4, 2024. Respondent moved to dismiss the indictment on the grounds, <u>inter alia</u>, that he enjoys absolute immunity from criminal prosecution for acts within the "outer perimeter" of his official responsibilities and that the indictment's allegations all fall within that scope; he also argued that double-jeopardy principles and the

Impeachment Judgment Clause, U.S. Const. Art. I, § 3, Cl. 7, barred his prosecution.

The district court denied respondent's presidential-immunity and related double-jeopardy claims. The court concluded that the Constitution's text, structure, and history support the conclusion that respondent "may be subject to federal investigation, indictment, prosecution, conviction, and punishment for any criminal acts undertaken while in office." Pet. App. 6a. It also rejected respondent's claim that his acquittal in impeachment proceedings gave him protection under double-jeopardy principles or the Impeachment Judgment Clause against his criminal prosecution after leaving office. Id. at 46a-53a. Respondent filed a notice of appeal and moved for a stay of all proceedings in the district court. See D. Ct. Doc. Nos. 177, 178 (Dec. 7, 2023).

ARGUMENT

Expedited consideration of the government's petition for a writ of certiorari before judgment, and briefing on the merits if certiorari is granted, is warranted.

1. This case involves an issue of exceptional national importance: the amenability to federal prosecution of a former President of the United States for conduct undertaken during his presidency and the effect, if any, that his acquittal in impeachment proceedings has on this federal prosecution. The

4

district court has scheduled trial to commence on March 4, 2024, but the trial cannot proceed pending respondent's appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam).

This case should therefore be resolved expeditiously, so that trial proceedings may resume if and when respondent's claim of immunity is ultimately rejected. And given the weighty and consequential character of the constitutional questions at stake, only this Court can provide the definitive and final resolution of respondent's immunity claims that this case demands. Those considerations counsel in favor of immediate and expedited review in this Court, under the established criteria both for certiorari and for certiorari before judgment. Sup. Ct. R. 10 and 11; see Pet. 10-12.

Precedent supports expedition of the certiorari proceedings and, if certiorari is granted, merits briefing. In United States v. Nixon, 418 U.S. 683 (1974), the Court faced comparably significant issues involving the presidency. In light of the scheduled Watergate conspiracy trial, and the need for resolution of presidential claims of executive privilege for potentially relevant evidence, the government sought certiorari before judgment. The Court granted the government's petition one week after the government filed it. The Court also set an expedited briefing schedule; heard argument one week after briefing was

5

concluded; and issued its decision 16 days later -- two months after the petition was filed. Id. at 683, 690. The expedited proceedings reflected "the public importance of the issues presented and the need for their prompt resolution." Id. at 687.

As in Nixon, the circumstances warrant expedited proceedings at the certiorari stage and, if the Court grants review, on the merits. The public importance of the issues, the imminence of the scheduled trial date, and the need for a prompt and final resolution of respondent's immunity claims counsel in favor of this Court's expedited review at this time.

2. To ensure timely consideration of the petition, the government requests that respondent be directed to file a response to the petition on or before December 18, 2023. The government would waive the 14-day waiting period for reply briefs under this Court's Rule 15.5, so that the petition and response could be distributed immediately. The Court would then be able to consider the petition, response, and any reply at the earliest time convenient to the Court.

If the Court grants the petition, the government requests that the Court establish a briefing schedule consistent with the framework that the Court ordered in United States v. Nixon, 417 U.S. 927 (1974). Under that framework and consistent with the circumstances of this case, the parties would exchange and file opening briefs 14 days after the grant of certiorari and any

6

responsive brief would be due 7 days thereafter, with oral argument to be held as soon as practicable. The Court may wish to order that amicus briefs supporting the parties be due on the date the parties' briefs are due. The government is also prepared to comply with any more expedited schedule that the Court finds appropriate under the circumstances.

## CONCLUSION

For the reasons stated, the government respectfully requests that the Court expedite consideration of the petition for a writ of certiorari before judgment and, if the Court grants the petition, that the Court expedite briefing and oral argument.

Respectfully submitted.

                              JACK L. SMITH
                                 Special Counsel
                            MICHAEL R. DREEBEN
                                 Counselor to the Special Counsel
                                     Counsel of Record

DECEMBER 2023

# EXHIBIT 2

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3228**                                           **September Term, 2023**

                                                         **1:23-cr-00257-TSC-1**

                                                         **Filed On:** December 13, 2023

United States of America,

      Appellee

    v.

Donald J. Trump,

      Appellant


    **BEFORE:**    Henderson, Childs, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motion to expedite case, the opposition thereto, and the reply, it is

**ORDERED** that this appeal be expedited. The following briefing schedule will apply:

| | |
|---|---|
| Appellant's Brief | December 23, 2023 |
| Joint Appendix | December 23, 2023 |
| Appellee's Brief | December 30, 2023 |
| Reply Brief | January 2, 2024 |

It is

**FURTHER ORDERED** that any oral argument be scheduled before this panel. The parties will be informed later of the date of any oral argument.

Appellant should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and

statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk