# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 23-7010

CONRAD SMITH, DANNY MCELROY, BYRON EVANS,
GOVERNOR LATSON, MELISSA MARSHALL,
MICHAEL FORTUNE, JASON DEROCHE,
AND REGINALD CLEVELAND,

Appellees,

v.

DONALD J. TRUMP, et al.,

Appellant.

## APPELLANT'S OPPOSITION TO MOTION TO CONSOLIDATE RELATED INTERLOCUTORY APPEALS

David A. Warrington
Jonathan M. Shaw
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
(415) 433-1700
dwarrington@dhillonlaw.com
jshaw@dhillonlaw.com

Jesse R. Binnall
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
(703) 888-1943
jesse@binnall.com

*Counsel for Appellant*

The *Smith* Appellees' Motion to Consolidate Related Interlocutory Appeals ("Motion") is really a belated attempt to file an *amicus* brief that should have been filed, if at all, last September. They should not be permitted to end-run the carefully balanced procedure established by FRAP 29—which permits interested non-parties to raise issues in a way that allows parties to respond to them in the ordinary course of briefing—through "consolidation" after the appeal has been briefed and argued.

The *Smith* Appellees have been fully aware of the *Blassingame* cases, which were filed six months before theirs, since the moment they filed their own lawsuit in August 2021; they designated them as related cases on the Civil Cover Sheet and Notice of Related Cases at that time. As a result, their case was assigned to the same judge already overseeing the *Blassingame* cases. Nor can the *Smith* Appellees pretend that they were unaware of the District Court's well-publicized decision denying President Trump's motions to dismiss the *Blassingame* cases on grounds of absolute Presidential immunity or of the equally well-publicized appellate proceedings that followed. Had they wished to put in their two cents, they could and should have sought leave to file an *amicus* brief last September in accordance with this Court's rules. That would have permitted President Trump to address their arguments in the normal course of briefing and argument.

Instead, they chose not to file an amicus brief, but rather seek to inject what they contend is a new issue that has been neither briefed nor argued into an appeal that has

2

essentially been both. Granting the proposed motion would severely prejudice President Trump, who would be deprived of his opportunity to respond in the ordinary course to the argument that the *Smith* Appellees wish to interject into the existing appeal. By contrast, the *Smith* Appellees will not be prejudiced if they must raise what they contend is a new issue in their own proceedings.

The *Smith* Appellees' Motion should be denied.

## BACKGROUND

The *Smith* Appellees, a group of eight United States Capitol Police officers, filed suit against President Trump alleging that they suffered a variety of harms, including physical and emotional harm, as a result of President Trump's speech conveying his strongly held belief in the insecurity of the integrity of the election on January 6, 2021. *See Smith et al. v. Trump et al.*, No. 1:21-cv-02265-APM (D.D.C.) (filed Aug. 26, 2021). Three other lawsuits alleging similar injuries due to the President's speech were already pending against President Trump. See *Thompson v. Trump et al.*, No. 21-cv-400-APM (D.D.C.) (filed Feb. 16, 2021); *Swalwell v. Trump et al.*, No. 21-cv-586-APM (D.D.C.) (filed Mar. 5, 2021); *Blassingame et al. v. Trump*, No. 21-cv-858-APM (D.D.C.) (filed Mar. 30, 2021).

## PROCEDURAL HISTORY

The *Smith* Appellees sued President Trump, among others, on August 26, 2021. *See Smith et al. v. Trump et al.*, No. 1:21-cv-02265-APM (D.D.C.) (filed Aug. 26,

2021). Three related cases, which this Court has consolidated for appellate purposes under the caption *Blassingame et al. v. Trump*, No. 22-5069 (D.C. Cir. Mar. 25, 2022), predated that suit by approximately six months. *See Thompson v. Trump et al.*, No. 21-cv-400-APM (D.D.C.) (filed Feb. 16, 2021); *Swalwell v. Trump et al.*, No. 21-cv-586-APM (D.D.C.) (filed Mar. 5, 2021); *Blassingame et al. v. Trump*, No. 21-cv-858-APM (D.D.C.) (filed Mar. 30, 2021). Despite their designation of those cases as "related," the *Smith* Appellees chose not to move to consolidate these cases in the District Court. *See* Notice of Related Case, *Smith et al. v. Trump et al.*, No. 21-cv-2265 (D.D.C. Aug. 26, 2021), ECF No. 4.

President Trump moved to dismiss the *Thompson, Swalwell,* and *Blassingame* cases, arguing that courts have long held that presidents are covered by absolute immunity, and that his speech did not violate any established legal duties that would vitiate his entitlement to absolute immunity because speaking on matters of public concern is central to the function of the presidency. *See* Motion to Dismiss, *Thompson v. Trump et al.*, No. 1:21-cv-00400-APM (D.D.C. May 26, 2021), ECF No. 22; *Swalwell v. Trump et al.*, No. 1:21-cv-00586-APM (D.D.C. May 24, 2021), ECF No. 14; *Blassingame et al. v. Trump*, No. 1:21-cv-00858-APM (D.D.C. June 24, 2021), ECF No. 10.

On February 18, 2022, the District Court rendered a decision in the *Thompson, Swalwell, and Blassingame* cases granting in part and denying in part President

Trump's Motion to Dismiss. *See Thompson v. Trump et al.*, 590 F. Supp. 3d 46, 84 (D.D.C. 2022). President Trump timely appealed and the three cases were thereafter consolidated. *See* Clerk's Order, *Blassingame et al. v. Trump*, No. 22-5069 (D.C. Cir. Mar. 25, 2022). The matter was briefed as follows: (a) Appellant's Opening Brief on July 27, 2022; (b) Appellee's Brief on September 9, 2022; and (c) Appellant's Reply Brief on October 31, 2022. A panel of this Court heard argument on December 7, 2022, and subsequently invited the Department of Justice to submit an *amicus* brief which was filed on March 2, 2023. *See* Brief for United States as Amicus Curiae, *Blassingame et al. v. Trump*, Nos. 22-5069, 22-7030, 22-7031 (D.C. Cir. Mar. 3, 2023), Doc No. 1988265. This Court has ordered the *Blassingame* parties to respond simultaneously to DOJ's filing by March 16, 2023.

In November 2021—before the District Court denied President Trump's motion to dismiss the *Blassingame* cases on immunity grounds and before President Trump appealed that denial—President Trump moved to dismiss the *Smith* Appellants' claims asserting, among other things, the same immunity argument that is the subject of the *Blassingame* appeal. *See* Motion to Dismiss, *Smith et al. v. Trump et al.*, No. 21-cv-2265 (D.D.C. Nov. 11, 2021), ECF No. 80. On January 26, 2023, the District Court granted in part and denied in part the Motion to Dismiss in the *Smith* case, rejecting President Trump's immunity argument. *Smith et al. v. Trump et al.*, No. 21-cv-2265-APM, 2023 WL 417952, at *22 (D.D.C. Jan. 26, 2023), ECF No. 179. President Trump

5

timely appealed that ruling, and the *Smith* Appellees cross-appealed and brought this motion. *See Smith et al. v. Trump et al.*, No. 23-7010 (D.C. Cir. Feb. 27, 2023).

## ARGUMENT

### I. The *Smith* Appellees' Motion to Consolidate Is a Thinly Veiled Attempt to File an Untimely Amicus Brief

The *Smith* Appellees' admit that their motion is driven by a desire to put before the *Blassingame* panel an argument that they contend was neither raised[1] nor briefed nor argued by the parties to that appeal. Consolidation at (or, indeed, beyond) the eleventh hour is not an appropriate vehicle for injecting such an argument into an appeal, particularly when the non-party seeking leave to inject it could have filed, but chose not to file, an *amicus* brief.[2] The essential unfairness of the *Smith* Appellees' proposal to shoehorn their additional argument into the *Blassingame* appeal under the

---

[1] Because the argument that the *Smith* Appellees seek to introduce into the *Blassingame* appeal is one that they contend was neither pleaded nor raised by the *Blassingame* Appellees below or on appeal, it is not appropriately considered in the *Blassingame* appeal as it has been waived by those parties and can have no effect on their appeals. *See, e.g., Estate of Klieman v. Palestinian Authority*, 923 F.3d 1115, 1127 (D.C. Cir. 2019) ("'issues not raised before judgment in the district court are usually considered to have been [forfeited] on appeal.'") (court's emendation) (quoting *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010 ). As a result, the *Smith* Appellees' new argument is irrelevant to the *Blassingame* appeal and would serve only to complicate that appeal by introducing a new group of plaintiffs with—by their reckoning—a materially different record that potentially mandates a different result than that which would obtain should the *Blassingame* Appellees lose their appeal. And, what is more, it would do so without benefit of proper briefing and argument.

[2] It is, of course, hardly unusual for parties with cases in trial courts that may be affected by pending appeals to submit *amicus* briefs.

guise of "consolidation" is only underscored by the fact that their proposal would apparently give President Trump no opportunity to brief or argue the issue on appeal—an opportunity that the rule governing *amicus* briefs was carefully drafted to preserve.

Rule 29(a) of the Federal Rules of Appellate Procedure governs *amicus* briefs. *Amicus* briefs "insure[] complete and plenary presentation of difficult issues so that the court may reach proper decision." *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). In this case, because the *Blassingame* Appellees filed their brief on September 9, 2022, the *Smith* Appellees should have moved for leave to file an *amicus* brief not later than September 16, 2022. As FRAP 29 intends, this would have allowed President Trump an opportunity, in the ordinary course of briefing, to consider and address any arguments raised by the *Smith* Appellees. Even on the rare occasions when appellate courts grant leave to file an *amicus* brief late, the rules recognize the need to take account of the potential unfairness to the opposing party. *See* FRAP 29(a)(6) ("A court may grant leave for later filing, specifying the time within which an opposing party may answer.").

The *Smith* Appellees' tactical decision to forego filing an *amicus* brief—the procedural vehicle through which they could have raised their argument—is a classic self-inflicted wound. The remedy is not to allow them to end run FRAP 29 by a

dubious last-minute consolidation.

## II. Consolidation Would Prejudice President Trump, Harm Judicial Economy, and Add Nothing of Value to the Proceedings

Even considered as a motion to consolidate rather than a belated motion for leave to file an *amicus* brief, this motion should be denied. Consolidation at this late stage would prejudice the parties to the *Blassingame* appeal, harm judicial economy, and could not add any relevant, new arguments to the proceedings.

Unsurprisingly, the *Smith* Appellees cite no cases supporting their motion to consolidate, much less any case supporting consolidation of a newly filed appeal with an appeal already briefed and argued for the express purpose of injecting into the existing appeal a supposedly new argument which, according to the party seeking consolidation, was neither preserved nor made by the parties to the existing appeal.

Instead, the sole authority the *Smith* Appellees cite is this Court's *Handbook of Practice and Internal Procedures*. But although it recognizes that consolidation is available when appropriate, the *Handbook* in no way supports the proposition that it is appropriate under these circumstances. To the contrary, it merely permits, but does not require, consolidation of appeals when "cases involv[e] essentially the same parties or the same, similar, or related issues," U.S. Court of Appeals for the District of Columbia Circuit, *Handbook of Practice and Internal Procedures* 24 (Mar. 16, 2021), and when consolidation would be "in the interest of judicial economy and consistency of decisions." *Id*. at 48. And it unmistakably contemplates that consolidation, if it is to

8

occur at all, will take place early, *before* briefing and argument in any of the cases. *Id.* ("Once cases are consolidated … [t]hey generally follow a single briefing schedule, they are assigned for hearing on the same day before the same panel, argument time is allotted to the cases as a group, and they are decided at the same time.") Furthermore, the sparse caselaw addressing consolidation under FRAP 3 makes clear that prejudice to the parties is a primary consideration for appellate courts. *See, e.g., In re Cannonsburg Env't Assocs., Ltd.*, 72 F.3d 1260 (6th Cir. 1996) (evaluating if there would be prejudice to the parties when determining whether consolidation was appropriate).

Here, consolidation at this late stage would be prejudicial to the parties to the *Blassingame* appeals. The *Blassingame* appellees have explained in their own opposition to this Motion the prejudice that would arise from the additional delay that it would occasion. President Trump will not repeat those arguments. In addition, however, the *Smith* Appellees seek to deny President Trump a full opportunity to address in briefing and at argument what they contend is a new, case-dispositive argument. That is the very definition of unfair prejudice and there is no reason for this Court to allow it.

The *Smith* Appellees' proposed consolidation should also be denied because the argument they seek to inject into the proceedings would add nothing. This is true regardless of whether the argument is novel, as the *Smith* Appellees' claim, or it has

9

already been briefed, as the *Blassingame* Appellees' claim. If it is new, it has been waived by the *Blassingame* Appellees; if it has already been briefed, the *Smith* Appellees' participation at this stage is superfluous.

If the *Smith* Appellees are correct that the *Blassingame* Appellees have not already presented the argument that *Smith* Appellees wish to make, then the *Smith* Appellees should not be permitted to interject it into the *Blassingame* appeal because the argument has been waived. *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010) ("[I]ssues not raised before judgment in the district court are usually considered to have been waived on appeal."); *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them…. where counsel has made no attempt to address the issue, we will not remedy the defect…"); *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1181 (D.C. Cir 2011) (holding that government-appellee had forfeited argument by not raising it until oral argument). In asserting that the "act complained of" argument is novel to these proceedings, the *Smith* Appellees necessarily also assert that the *Blassingame* Appellees waived the argument by not raising it previously.

If the *Blassingame* Appellees are correct that they have already raised the "act complained of" argument, then the *Smith* Appellees' brief would be superfluous and

unnecessary. If the *Blassingame* Appellees are incorrect, then the argument has been forfeited in *Blassingame* and the *Smith* Appellees can raise it in their own appeal. Accordingly, the *Smith* Appellees' motion to consolidate would add nothing to the proceedings except prejudice, complication, and delay.

## **CONCLUSION**

For these reasons, President Trump respectfully requests that the Court deny the *Smith* Appellees' Motion.

Dated: March 9, 2023　　　　　Respectfully submitted,

/s/ *David A. Warrington*
David A. Warrington,
Jonathan M. Shaw
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
(415) 433-1700
dwarrington@dhillonlaw.com
jshaw@dhillonlaw.com

Jesse R. Binnall
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
(703) 888-1943
jesse@binnall.com

*Counsel for Appellant*

# **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,416 words, calculated using Microsoft Word's word-count function. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: March 9, 2023        /s/ *David A. Warrington*
                            David A. Warrington

# **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.


Dated: March 9, 2023                /s/ *Jesse Binnall*
                                           Jesse Binnall