MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

July 20, 2023

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Mark Langer
Clerk of the U.S. Court of Appeals
District of Columbia Circuit
E. Barrett Prettyman Courthouse
333 Constitution Ave NW
Washington, DC 200001

      Re:    *Blassingame v. Trump*, No. 22-5069 (consolidated with Nos. 22-7030, 22-7031)

Dear Mr. Langer:

      We write in response to Appellant Trump's July 17, 2023 letter.

      *Counterman* is irrelevant here for multiple reasons.  First, the principles reflected in *Nixon v. Fitzgerald* and separation-of-powers doctrine—not the scope of the First Amendment—dictate affirmance of the district court's decision rejecting absolute immunity.  *See* Appellees.Suppl.Br.2-7.

      Second, even accepting that the scope of the First Amendment is a guide to assessing immunity, it is a guide only by "analog[y]."  U.S.Suppl.Br.17; *see id.* at 19 (similar).  The view of the United States is that no immunity exists where the President's "speech encouraged imminent private violent action and was likely to produce such action."  *Id.* at 2.  *Counterman*'s discussion of the nitty-gritty details of First Amendment doctrine does not dictate the exact contours of a test for presidential immunity, let alone say anything about the Supreme Court's views on that topic.

      Third, *Counterman* does not alter the First Amendment standard for incitement. *Counterman* involved true threats, not incitement, and discussed existing incitement authorities only to support the conclusion that liability for true threats must involve *some* mens rea requirement.  *See* 143 S. Ct. at 2117 (stating that the standard for incitement "*presumably* requires purpose or knowledge" (emphasis added)).  The Court's only holding is that the mens rea required for true-threats liability is recklessness, *see id.* at 2111-12—a holding that has no bearing on this case.

      Finally, even if the "purpose or knowledge" standard for incitement discussed in *Counterman* were relevant here, the district court has already correctly determined that the complaints' allegations satisfy that standard.  *Counterman* makes clear that "knowledge" includes "aware[ness] that [a] result is practically certain to follow."  143 S. Ct. at 2117.  The district court explained that it was "reasonable to infer that [Trump] would have known that some in the audience were prepared for violence" and that he "would have known that some supporters viewed" his words "as a call to action."  *Thompson v. Trump*, 590 F. Supp. 3d 46, 115-17 (D.D.C.

MUNGER, TOLLES & OLSON LLP

Mark Langer
July 20, 2023
Page 2


2022); *see* U.S.Suppl.Br.20.  That is more than sufficient to demonstrate "purpose or knowledge" to "produce imminent disorder."  143 S. Ct. at 2115, 2118.


Sincerely,

*/s/ Donald B. Verrilli, Jr.*

Donald B. Verrilli, Jr.

DBV