# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7010

CONRAD SMITH, DANNY MCELROY, BYRON EVANS,
GOVERNOR LATSON, MELISSA MARSHALL,
MICHAEL FORTUNE, JASON DEROCHE,
AND REGINALD CLEVELAND,

Appellees,

v.

DONALD J. TRUMP, et al.

Appellant.

**APPELLEES' REPLY TO *BLASSINGAME* APPELLEES'
OPPOSITION TO APPELLEES' MOTION TO CONSOLIDATE
RELATED INTERLOCUTORY APPEALS**

Jon Greenbaum
Edward G. Caspar
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org

*Counsel for Appellees*

This Court has been asked to resolve a question of critical importance. Consolidation of the appeal in *Smith v. Trump* with the *Blassingame* Appeals will aid the Court in doing so. The *Blassingame* Appellees have provided no reason for the Court to deny consolidation and forego comprehensive consideration of the arguments and legal principles bearing on the question of immunity in these related cases.

The *Blassingame* Appellees are mistaken in their contention that they have already addressed the legal argument that the *Smith* Appellees wish to raise. The *Blassingame* Appellees neither briefed nor argued the unique argument that will be presented in the *Smith* Appeal, namely that, in resolving the question of immunity, this Court's precedent requires a focus on "the act complained of." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1141 (D.C. Cir. 2015) (quoting *Barr v. Matteo*, 360 U.S. 564, 573 (1959)). The *Blassingame* Appellees' merits brief cites *Banneker Ventures* only in a footnote for *unrelated* propositions. *See* Corrected Br. of Appellees at 24 n.4, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. Oct. 3, 2022). And while, at oral argument, the Chief Judge asked about alleged conduct beyond Appellant's January 6 speech — thus teeing up the core of the issue that the *Smith* Appellees seek to raise on appeal — "the act complained of" principle, though relevant to the Chief Judge's inquiry, was not addressed. *See* Recording of Oral Argument at 1:46:35-1:48:49, *Blassingame v. Trump*, No. 22-5069 (Dec. 7, 2022). Crucially, "the act complained of" in these appeals is Appellant's participation in an

agreement to attack Congress, and consideration of whether he deserves immunity *for his related speech* only diverts the Court's attention from the inquiry required by *Bannekver Ventures*.

Nor should the Court hold the *Smith* Appeal in abeyance pending resolution of the *Blassingame* Appeals just because the Court did so with three other related appeals.[1] Those three cases are near duplicates of the *Blassingame* Appeal: they were brought by counsel who are also part of the legal team representing the *Blassingame* Appellees, they raised no arguments distinct from those raised in the *Blassingame* Appeals, and the consolidated district court order on appeal is two paragraphs long and based entirely on the dismissal decision challenged in the *Blassingame* Appeal. *See Moore v. Trump*, No. 22-cv-00010-APM, 2022 WL 3904320, at *1 (D.D.C. Aug. 2, 2022) ("Plaintiffs' allegations and claims are the largely the same [sic] as those advanced by the U.S. Capitol Police plaintiffs in *Blassingame*"). Unlike the *Smith* Appeal, those cases add nothing to the Court's consideration of the immunity issue.

Finally, the *Blassingame* Appellees' argument that they will be prejudiced from consolidation likewise fails. Consolidation would not entail meaningful delay or significant amendments to the Joint Appendix in the *Blassingame* Appeals. Much

---

[1] See Clerk's Order, *Moore v. Trump*, No. 22-7120 (consolidated with Nos. 22-7121, 22-7122) (D.C. Cir. Oct. 20, 2022).

3

like the current Joint Appendix, additions for the *Smith* Appeal would include only a few items: a list of the relevant docket entries in the case below, the Amended Complaint, the opinion on appeal, and the notice of appeal. Nor would additional briefing or oral argument create a substantial risk of prejudice, as amicus briefing is ongoing in the *Blassingame* Appeal, and the *Smith* parties can complete their limited briefing on a single issue in a short time. Any incremental delay occasioned by consolidation would be measured in days, and the result would be a truly complete appellate record on the basis of which this Court can issue a decision that will address all the appellate arguments bearing on the question of presidential immunity.

Given the importance of the question before the Court, and the opportunity consolidation affords for a complete consideration of the relevant arguments and legal principles, the Court should grant the *Smith* Appellees' motion for consolidation.

Dated: March 2, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Edward G. Caspar
　　　　　　　　　　　　　　　　　　Jon Greenbaum, DC Bar No. 489887
　　　　　　　　　　　　　　　　　　Edward G. Caspar, DC Bar No. 1644168
　　　　　　　　　　　　　　　　　　LAWYERS' COMMITTEE FOR CIVIL
　　　　　　　　　　　　　　　　　　RIGHTS UNDER LAW
　　　　　　　　　　　　　　　　　　1500 K St. NW, Suite 900
　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　(202) 662-8600
　　　　　　　　　　　　　　　　　　jgreenbaum@lawyerscommittee.org
　　　　　　　　　　　　　　　　　　ecaspar@lawyerscommittee.org

　　　　　　　　　　　　　　　　　　*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 632 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: March 2, 2023　　　　　　　　/s/ Edward G. Caspar
　　　　　　　　　　　　　　　　　　Edward G. Caspar